THE WOODSON MACHINE COMPANY v. H. F. MORSE.

1. PLEADING — *Burden of Proof.* Where, under the pleadings and § 108 of the civil code, the plaintiff's case is admitted by the defendant, and where nothing materially adverse is admitted by the plaintiff, the burden of proof rests upon the defendant.

2. INSTRUCTION — *Error.* Where the burden of proof under the pleadings and the law rests upon the defendant, it is material error for the court to instruct the jury otherwise.

*Error from Trego District Court.*

ACTION to recover upon two promissory notes. Judgment for the defendant, *Morse,* at the May term, 1888. The plaintiff *Company* brings the case to this court. The facts appear in the opinion.

*Lee Monroe,* and *Williams, Lawrence & Bancroft,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Trego county by the Woodson Machine Company, a corporation, against H. F. Morse, to recover on two promissory notes, each for $550, each dated August 2, 1884, one due November 1, 1885, and the other due November 1, 1886, upon the first of which a payment was indorsed of $139. The defendant answered, admitting the execution of the notes, calling them mortgage notes, (and there were stipulations in them which would probably authorize such a designation,) and alleging that the plaintiff had taken the possession of the mortgaged property, (which was personal property,) of the value of $1,500, and had converted the same to its own use; and that a credit therefor of only $139 had been given to him; and asking that so much of the value of the property as might be necessary to discharge the notes should be applied to that purpose, and that he should have judgment for the remainder. The plaintiff replied, denying

all the allegations of the defendant's answer except such as were admitted in the plaintiff's petition and reply, and alleging that a chattel mortgage had in fact been given by the defendant upon the aforesaid property to secure the aforesaid notes, and that the plaintiff did take the property into its possession, and sold the same in accordance with the provisions of the chattel mortgage, and realized therefrom $200, less expenses; or in other words, that it realized only $139 over and above expenses. The chattel mortgage was set out in full and made a part of the plaintiff's reply. Upon these pleadings, a trial was had before the court and a jury, and the jury found in favor of the defendant and against the plaintiff, and assessed the amount of the defendant's recovery at $25, and also made special findings of fact; and upon such verdict and findings the court below rendered judgment in favor of the defendant and against the plaintiff for the amount of the verdict; and the plaintiff, as plaintiff in error, brings the case to this court for review.

The plaintiff in error has alleged numerous errors, but we think it will be necessary to consider only a very few of them; and we shall consider only a few of them for the reason, among others, that the defendant in error has not filed any brief nor made any appearance in this court, and therefore has not given any explanation of any of the alleged errors. Among the alleged errors complained of are the following: (1) That the defendant was permitted, over the plaintiff's objections, to testify concerning a *conversation* had between himself, the defendant, and one T. W. Rogers, after this action was commenced, and concerning matters material to the controversy; (2) that the court erroneously instructed the jury *orally* after it had been properly requested to instruct the jury in *writing;* (3) that the court in giving instructions to the jury *misconstrued* the chattel mortgage, and for that reason *gave erroneous instructions;* (4) that the court erroneously *took some matters from the jury* which ought to have been left with the jury to decide; (5) that the court erroneously instructed the jury in substance that *the burden of proof rested upon the plaintiff,* its

language being: "Gentlemen, the plaintiff in this case must prove their case by a preponderance of the testimony," etc.

We are inclined to think that the court below erred in all the foregoing particulars, but we shall further consider only the last. The plaintiff's entire case was admitted by the pleadings in connection with § 108 of the civil code. Under the pleadings and that section, it was admitted by the defendant that the plaintiff was a duly-existing corporation; that the notes sued on had been fully executed, and that the chattel mortgage set forth in the plaintiff's reply had also been duly executed; and nothing materially adverse and scarcely anything of a material character set up in the defendant's answer was admitted by the plaintiff. It was not admitted that the property taken by the plaintiff under the chattel mortgage was of the value of more than $200, and it was not admitted that any wrong of any kind had been done by the plaintiff; hence the plaintiff, in the first instance, was not called upon to prove anything, but, on the contrary, the burden of proof rested upon the defendant; and if the defendant had failed to introduce any testimony, the verdict and judgment should unquestionably have been for the plaintiff for the amount claimed in its petition. The aforesaid instruction was therefore erroneous, and in our opinion materially so; and for this and other reasons the judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.