## C. F. WINTON *et al* v. J. W. MYERS.

(Filed Aug. 25, 1899.)

1. ATTACHMENT — *Action on Undertaking — Pleading.* In an action to recover upon an undertaking given to secure the discharge of attached property and the restoration of such property to the defendant, the condition of which is "that the defendant will perform the judgment of the court in said action," it is a sufficient allegation of a breach of the conditions of the undertaking to aver that the plaintiff obtained a judgment against the defendant in such action, what the amount of such judgment was, and that said judgment was unpaid, in whole or in part.

2. DAMAGES—*Measure of—Burden of Proof.* In an action upon such an undertaking, the failure to pay the judgment is the breach of the conditions of the bond. The amount of the judgment and costs, with interest, is *prima facie* the measure of damages, and, when it is shown on the trial that a valid judgment was rendered, it will be presumed to be unpaid until the contrary is shown. The burden of showing payment is on the defendant.

(Syllabus by the Court.)

*Appeal from the Probate Court of Kay County; before Robert A. Neff, Probate Judge.*

*J. R. Scott* and *T. J. Blevins,* for appellants.

*B. N. Woodson* and *Dale & Bierer,* for appellee.

Action by J. W. Myers against C. F. Winton and others on bond given to secure discharge of attached property. Judgment for plaintiff, and defendants appeal. Affirmed.

STATEMENT OF THE CASE.

In March, 1897, J. W. Myers brought an action in the probate court of Kay county against C. F. Winton, and caused a writ of attachment to issue and be levied upon

the goods and chattels of Winton.   Before judgment in the attachment proceedings, the defendant Winton, with the other plaintiffs in error in this   cause   as   sureties, executed to the plaintiff an undertaking for the discharge of the attachment and restitution of the attached property.   The condition of the undertaking was to the effect that the defendant would perform the judgment of the court.   The attached goods were restored to the defendant. On the trial of the cause the plaintiff obtained judgment against the defendant for the sum of $100, and for costs taxed at $85.   The judgment was not paid, and Myers brought this action to recover on the undertaking.

The petition averred the facts   above   stated,   and, further, that the judgment was in full force and effect, and unpaid, in whole or in part; that execution had been issued, and returned, "No goods found."   The defendants answered by general denial.   Subsequently they applied for leave to withdraw their answer, and to file a demurrer to the petition.   This application was overruled.   The cause went to trial, and, in support of the allegations of the petition, the plaintiff, introduced in   evidence   the record of the former judgment, the   undertaking,   the execution, and return, and rested.   The defendants at the trial objected to the introduction of any evidence by the plaintiff, for the reason that the petition failed to state facts sufficient to constitute a cause of action, which objection the court overruled.   After the plaintiff rested his case, the defendants interposed a demurrer to the evidence.   The demurrer was overruled, and defendants declined to submit any evidence, and judgment was rendered in favor of plaintiff against all the defendants for

the amount of the former judgment and costs. The defendants appealed.

Opinion of the court by

BURFORD, C. J.: The plaintiffs in error urge but two objections to the rulings of the trial court: First, that the petition of the plaintiff does not aver facts sufficient to constitute a cause of action; second, that the demurrer of the defendants to plaintiff's evidence should have been sustained.

We fail to discover any merit in the first contention. It is urged that there is no allegation of damages or a breach of the condition of the bond. The bond sued on was a statutory bond, and authorized by section 229 of the Code of Civil Procedure. The condition of the bond was "that the defendants shall perform the judgment of the court in said action." The failure to pay the judgment was the breach of the conditions of the bond, and the measure of damages was *prima facie* the amount of the judgment, with interest, and the costs taxed in said cause. The petition alleged that the judgment was rendered, stated the amount of the judgment and costs, and specifically averred "that the said judgment is now valid, subsisting, and unpaid, in whole or in part." These allegations were suffcient to withstand the demurrer and to support the judgment rendered.

It is contended that the demurrer to the evidence should have been sustained, because no testimony was introduced as to any breach of the conditions of the bond or that the judgment was unpaid. The evidence showed that a judgment had been rendered, and entered of record; also that an execution had been issued, and returned *nulla bona*. When it was once shown that a valid

judgment had been obtained, and entered of record, in the absence of any showing to the contrary, the same condition of things will be presumed to exist at the time of the trial. A state of facts once shown to exist is presumed to continue.

Payment is always a matter of defense, and, as a general rule, must be specifically pleaded and proven by him who claims payment. The burden of showing payment was on the defendants, and no error was committed in overruling the demurrer to the evidence. (*Lerche v. Brasher*, 104, N. Y. 157, 10 N. E. 58; *Lovelock v. Gregg*, [Colo. Sup.] 23 Pac. 86.)

There is a further objection made that plaintiff failed to attach a copy of the undertaking to the petition. This objection was not made before trial. The demurrer to the petition, or objection to introduction of any testimony on the grounds that the petition failed to state a cause of action, would not present this question. The objection should have been made by motion to require the plaintiff to attach a copy of the bond to the petition. (*Burnes v. Simpson*, 9 Kan. 658; *Andrews v. Alcorn*, 13 Kan. 351)

We find no judicial error in the record. The judgment of the probate court of Kay county is affirmed, at the costs of plaintiffs in error

All of the Justices concurring.