R. W. HIGGINS v. J. G. STREET.

(Filed September 4, 1907.)

(92 Pac. 155.)

**TRIAL—Order of Proof—Discretion of Court.** In an action for a balance due upon a written contract, where payment is not pleaded as a defense, the trial court at the beginning of the trial ruled that the burden of proof was upon the defendant, which ruling of the court was acquiesced in by both plaintiff and defendant without objection, and the defendant thereupon introduced his evidence, which tended to show a less indebtedness than that claimed by plaintiff. **Held,** that it was not material error thereafter for the court to admit proof by the plaintiff of the amount due upon the contract sued on.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Trial Judge.*

Affirmed.

*M. Fulton* and *J. S. Jenkins,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was brought and tried in the probate court of Oklahoma county to recover the sum of seven hundred and seventy dollars, a balance alleged to be due upon a rental contract for real estate. The petition set out the lease, and the answer in the first paragraph denied every allegation contained in the plaintiff's petition. The second and third and fourth paragraphs contained allegations which confessed the contract and original liability thereunder, but presented grounds for the avoidance of liability for that part of the rent alleged to be due and unpaid. A trial was had in said court, wherein the defendant wholly failed to establish his grounds of defense, and judgment was entered for the plaintiff in the amount sued for. The answer of defendant was not verified, and the trial court, at the

beginning of the trial, upon the question being presented, held that the burden was on the defendant, which was accepted by the defendant without objection. The proof offered by the defendant tended to show a less sum due and unpaid, for the time the property was occupied under the lease, than was claimed in the petition. After the testimony for the defendant was all offered, the plaintiff was called as a witness and was interrogated touching the amount due and unpaid thereon, to which the defendant objected upon the ground that it was too late in the procedure of that case for the plaintiff to be heard upon the question of the amount due, which objection being overruled, the defendant excepted and brings the case to this court with no other point involved.

Counsel for defendant in error in their brief object to the consideration of this case by this court for the reason, as they state, that the case-made nowhere contains a statement that it contains all the evidence, citing *Lumber Co. v. Lumber Co.*, 16 Okla. 90, 84 Pac. 1093. Without such an allegation, under the authority cited, the cause could not be considered; but, upon examination of the case-made, we find, upon the first page of what is denominated the case-made, the following provision:

### "CASE-MADE.

"The following pages and record contains a true and correct statement of all the pleadings filed, orders made, evidence received, judgments entered, rulings, exceptions and proceedings had, from the beginning to the end of the cause, in case No. 2,130, styled J. G. Street, Plaintiff, v. W. E. Higgins, Defendant, in the probate court of Oklahoma county, O. T., and same is as follows:"

This we think a sufficient allegation of the fact that the record does contain all the evidence offered upon the trial of the case.

Touching the exception of the defendant to the rule of the court which authorized the plaintiff to introduce testimony in reference to the amount due and unpaid upon the lease, after the

defendant had introduced his evidence, we think the defendant was not in position to present such objection and exception. The answer presented no question of payment, the general denial therein not being sufficient to present such an issue. See *Winton v. Myers*, 8 Okla. 421, 58 Pac. 634, where this court holds as follows:

"Payment is always matter of defense, and as a general rule must be specifically pleaded and proven by him who claims payment."

Under the terms of the contract, the amount sued for was due unless payment had been made, and there was no plea of payment. Under this status of the case, when called for trial, the court ruled, upon the presentation of the question, that the burden of proof was upon the defendant, and the defendant without objection or exception assumed the burden and offered his testimony, which tended to show a less sum due on the contract than that claimed by plaintiff. The court thereupon, over the objection of defendant, permitted the plaintiff to go upon the stand and testify as to the amount due, which being established, the court entered judgment for it. In this we are unable to perceive reversible error.

The judgment of the lower court is affirmed.

Garber, Irwin, and Hainer, JJ., absent; all the other Justices concurring.