## EDWARDS et al. v. JOHNSTON-LARIMER DRY GOODS CO.

No. 7443—Opinion Filed June 6, 1916.

(158 Pac. 446.)

**1. Payment—Defense—Burden of Proof.**

Payment is always a matter of defense, and the burden of proof is upon the party alleging same.

**2. Appeal and Error—Presentation for Review—Exclusion of Evidence.**

The action of the trial court in the exclusion of evidence will not be reviewed unless the full substance of the evidence, to the exclusion of which objection is made, is set out in the brief of plaintiff in error. as required by Rule No. 25 (38 Okla. x. 137 Pac xi), although properly assigned as error.

(Syllabus by Rittenhouse, C.)

Error from County Court, Blaine County: Ed Baker, Judge.

Action by the Johnston-Larimer Dry Goods Company against J. W. Edwards and another. partners as J. W. Edwards & Company. Judgment for plaintiff. and defendants bring error Affirmed.

I. H. Lookabaugh, for plaintiffs in error.

Seymour Foose and R. C. Brown, for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought to recover upon an open account for goods. wares, .and merchandise sold to the firm of J. W. Edwards & Co., by the Johnston-Larimer Dry Goods Company, in the sum of $127.14. Defendants answered that they were justly indebted to the plaintiff for such goods purchased, but that they had paid at different times certain sums of money on the indebtedness, for which they had not received proper credit, and prayed for credit on the account for such payments. Upon hearing before the justice of the peace, judgment was rendered for the plaintiff in the sum of $61.68. From this judgment plaintiff appealed to the county court.

It is insisted here that there should be a reversal of this cause because defendants had filed a motion for change of venue in such justice court, which was denied. There are two reasons why this cannot be urged as error here. (1) Defendants did not appeal from judgment of the county court, evidently being satisfied with such judgment; and (2) the question was not properly presented to the trial court.

At the trial in the county court, judgment was rendered in favor of plaintiff in the sum of $127.14 and the cause brought here for review. The first and second assignments of error are (1) that the court erred in overruling the demurrer to the evidence offered by plaintiff, and (2) that the verdict was not sustained by sufficient evidence and was contrary to law, and under both of these assignments it is argued that the witness who testified to the correctness of the account was incompetent, for the reason that he knew nothing about the correctness of the charges or of the credits, not having sold the goods, nor received payment therefor. This is immaterial under the condition of the record. The account sued on was admitted by the answer, there being no contention that the items contained in the verified account were incorrect; but, on the contrary, it was alleged that defendants were justly indebted to plaintiff for the goods so purchased, and a plea of payment was interposed, which was a defense, and should be established by the party who claims to have made the payments and therefore the court did not err in overruling the demurrer to the evidence and allowing the witness to testify to such account. the same having been admitted by the pleadings. C. F. Winton et al. v. J. W Myers, 8 Okla. 421, 58 Pac. 638; Higgins v Street, 19 Okla. 42, 92 Pac. 155.

The remaining question presented by this record is that the court erred in excluding certain evidence which was contained in depositions taken by plaintiff and offered in evidence by defendants. These depositions are not in the record, nor do the plaintiffs in error set out in the brief, as required by Rule No. 25 (38 Okla. x, 137 Pac. xi), the full substance of the testimony, to the rejection of which they objected, and therefore this court will not review the action of the lower court in the exclusion of such evidence

The cause should therefore be affirmed.

By the Court: It is so ordered.