## STANDARD FASHION CO. v. JOELS.

No. 7634.  Opinion Filed July 25, 1916.

Rehearing Denied September 12, 1916.

(159 Pac. 846.)

### 1. Payment—Necessity of Pleading.

Payment is an affirmative defense and to be available must be expressly pleaded. It cannot be shown under a general denial.

### 2. Payment — Presumptions — Burden of Proof.

Payment is not presumed, and when the antecedent existence of an indebtedness is proven, the burden of proving its discharge by payment is upon the debtor or person alleging the payment.

(Syllabus by Edwards, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Standard Fashion Company against Sam Joels. There was a judgment for defendant, and plaintiff brings error. Reversed.

Humphreys & Cook, for plaintiff in error.

James H. Gernert and J. G. Ralls, for defendant in error.

Opinion by EDWARDS, C.  This is an action to recover a balance alleged to be due upon an account for merchandise sold under a written contract. The petition is in the ordinary form, with an itemized, verified statement of the account, together with a copy of the contract, attached. The defendant filed a verified answer, and, first, denies that the plaintiff is a corporation; second, denies that defendant is indebted to plaintiff in the amount sued for or in any other sum; third, alleges that said goods were sold upon a commission, and, as sold, the price, less the commission, was remitted to the plaintiff; fourth, a general denial. The reply of plaintiff is a general denial.

Several errors are discussed in the briefs, only one of which, however, it will be necessary to notice at length.

In the instructions to the jury the court gave the following:

"The court instructs you that this is a suit based upon a contract, and that the defendant, having admitted the execution of the contract, would be bound by the terms thereof, and if you find by a fair preponderance of the evidence in this case that the defendant received from the plaintiff certain goods, wares, and merchandise during the existence of said contract, and that the same, or any part thereof, have not been paid for, it would be your duty to return a verdict in favor of the plaintiff for such amount as you find is still due and owing from the defendant to the plaintiff"

—which instruction was excepted to by the plaintiff at the time and the giving of the same assigned as error in the motion for new trial and in the petition in error.

It is fundamental that payment is a matter of defense, and must be pleaded and proven, and the burden of proof is on the debtor or person alleging payment.

In 22 A. & E. Ency. of Law (2d Ed.) 587, the general rule sustained by all the authorities is as follows:

"The general rule is well settled that payment is an affirmative defense, and will not,

in the first instance, be presumed, but after the antecedent existence of the indebtedness has been proved by the creditor, the burden of proving its discharge by payment is upon the debtor or person alleging the payment."

The same general rule is stated in 30 Cyc. 1253, in these words:

"Payment is an affirmative defense which cannot be relied upon unless expressly pleaded, and cannot be shown under general denial."

In the instruction complained of the court tells the jury that before it can render a verdict for plaintiff it must find from a preponderance of the evidence that the goods have "not been paid for"; while the law is that plaintiff would be entitled to recover unless the jury find from a preponderance of the evidence that the goods have been paid for. In Woodson Mach. Co. v. Morse, 47 Kan. 429, 28 Pac. 152, the court holds:

"Where the burden of proof under the pleadings and the law rests upon the defendant, it is material error for the court to instruct the jury otherwise."

In the case of Winton et al. v. Myers, 8 Okla. 421, 58 Pac. 634, it is said:

"Payment is always a matter of defense, and, as a general rule, must be specifically pleaded and proven by him who claims payment. The burden of showing payment was on the defendants, and no error was committed in overruling the demurrer to the evidence. Lerche v. Brahser, 104 N. Y. 157, 10 N. E. 58; Lovelock v. Gregg (14 Colo. 53) 23 Pac. 86."

We think there is no sufficient allegation nor proof of payment, although the trial court treated the answer as a plea of payment, and the proof as sufficient. But, as it will be necessary to reverse the cause upon the grounds just stated, these errors may be cured upon a new trial.

The antecedent indebtedness having been proven by the plaintiff, the instruction placing the burden upon the plaintiff is reversible error, for which the cause is reversed and remanded.

By the Court: It is so ordered.