## INCE NURSERY CO. v. SAMS et al.

No. 9415—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 24, 1918.

(177 Pac. 370.)

**1. Pleading—Admission—Answer and Failure to Deny.**

Under section 4759, Rev. Laws 1910, the allegations of the petition as to the execution and delivery of the bond and the question of agency stand admitted, inasmuch as the answer of the defendant does not deny the same under oath.

**2. Payment—Defense—Pleading.**

Payment is a matter of defense and must be pleaded and proved by him who claims it.

(Syllabus by Hooker, C.)

Error from County Court, Seminole County; D. G. Hart, Judge.

Suit by the Ince Nursery Company against V. E. Sams and others. Judgment for plaintiff upon its first cause of action, and in favor of defendants on the second cause of action, and the plaintiff brings error. Reversed and remanded for new trial.

C. Dale Wolfe, for plaintiff in error.

Opinion by HOOKER, C. The Ince Nursery Company instituted this suit in the lower court against V. E. Sams and his codefendants, and in the petition it is alleged:

That on the 16th day of May, 1913, the defendant V. E. Sams made and entered into a written contract of agency with it, by the terms of which he promised and agreed to act as the agent of the plaintiff in Seminole county, Okla., for selling and procuring for it orders for nursery stock, and in consideration of such services said company promised and agreed to pay him for the faithful performance thereof certain commissions of the regular retail price list furnished him by it, to be paid when the nursery stock was delivered and collected for.

A copy of the contract is filed as a part of the petition and marked "Exhibit A."

It is further alleged that on or about the 7th day of October it made and entered into another contract, in writing, with the said defendant, by the terms of which Sams agreed to collect for the stock which he had sold, for which he was to receive a commission of 5 per cent., payable when the collections were made.

It is further alleged in the petition that on or about the 7th day of October, 1913, the said V. E. Sams, as principal, and his codefendants, J. P. Sams and E. C. Aldridge, as sureties, made, executed, and delivered, in writing, their bond and undertaking to it, by the terms of which they undertook and agreed with the company that whereas, the said V. E. Sams was desirous of engaging from time to time in the services of said plaintiff as its agent, in the business of selling, delivering, and settling for nursery stock and collecting notes or accounts taken or made on account of nursery stock sold by said defendant V. E. Sams, for the plaintiff, and conditioned in the sum of $500 to said plaintiff that said V. E. Sams shall and does at any and all times while in the employment of said plaintiff faithfully perform and discharge all duties and obligations thereby imposed upon him and render to said plaintiff true and faithful service, and shall and will promptly on demand deliver to said plaintiff all money which shall or may be in his hands belonging to said plaintiff, or which may be due from him, the said V. E. Sams to said plaintiff on account of such agency business.

And it is further alleged that the said Sams did make various collections by suit and otherwise, which he refused to pay over to the plaintiff, but converted to his own use, and also that he has retained certain notes delivered by various customers to him for the benefit of the plaintiff, which he has failed and refused to deliver to it.

In the second cause of action stated in said petition, it is alleged that the said V. E. Sams continued to act as the agent of plaintiff, and did on May 10, 1915, make and enter into a further contract of agency, in writing, with the plaintiff, by the terms of which he agreed and promised:

"To act as local agent for plaintiff in Seminole county, Oklahoma, in procuring orders for fruit and ornamental trees, shrubs, plants and all nursery products and stock, to obey instructions of said Ince Nursery Company, to have all orders signed in a lawful manner and send same to said Ince Nursery Company at the end of each week * * * and to pay the said Ince Nursery Company for such stock in cash of the first money collected on delivery of such stock or within sixty days from the date such stock was delivered to the depot at Lawrence, Kansas, at the prices on price list attached hereto and made a part of said contract."

And it is further alleged that the said V. E. Sams, acting as the agent of said company and pursuant to the terms and conditions of said bond, to act as such agent of the plaintiff company from time to time, did, in the fall of 1915, obtain orders for said plaintiff amounting to the sum of $385.00 retail price to customers of plaintiff, and delivered said stock to such customers and collected from them, before January 1, 1916, and that by the terms of said contract $120.86 net of said sum belonged to said plaintiff, which was to be paid to it in cash of the first money collected on delivery of said stock or within 60 days from the date of delivery at Lawrence, but that said V. E. Sams as such agent converted said money belonging to plaintiff to his own use and has at all times failed and refused to pay same to plaintiff; and thereafter plaintiff filed a suit against said V. E. Sams, as their agent, in the justice court of the town of Wewoka, Okla., for the sum of $120.86, and obtained a judgment for said sum, with interest from that date.

It is further alleged that by the terms and conditions of said bond the sureties thereon are bound and liable to pay plaintiff the sum of said judgment, which said V. E. Sams has converted to his own use.

To this petition the defendant filed a demurrer, which was by the court overruled; and thereafter said defendants filed their answer to said petition, denying each allegation thereof, and alleging that all of the claims and demands of said plaintiff, as set forth in said petition, have been fully paid and discharged by the defendant V. E. Sams.

To this answer the plaintiff filed a reply of general denial.

On February 20, 1917, the cause came on duly for trial upon the issue joined, and the evidence was heard.

During the progress of the trial, it was stipulated and admitted by all of the defendants that the said defendant V. E. Sams was indebted to the plaintiff in the sum of $69.50, upon the matters set forth in the first cause of action of plaintiff's petition; and at the close of the evidence the case was withdrawn from the jury and submitted to the court for decision, and on the

27th day of March, 1917, the court rendered judgment for plaintiff upon the first cause of action in its petition for the sum of $69.50, and interest and costs, and in favor of the defendants and against the plaintiff upon the second cause of action.

The plaintiff company has appealed here from that part of the judgment which denied it recovery upon the second cause of action upon the theory that, inasmuch as the defendants below filed a general denial and a plea of payment, the execution of the bond and the fact of the agency by V. E. Sams for the company were admitted, and, inasmuch as the evidence clearly established a defalcation under the terms of the bond and the contract, and the plea of payment not having been established, it was entitled to judgment thereon; and it is especially urged here that, inasmuch as the execution of this bond and the agency stood admitted by the failure of the defendants in error to deny the same under oath, the only issue which the lower court could have tried under the pleading was the one of payment; and inasmuch as the evidence fails to show or to establish payment in any way whatever of the amount of $127.16, for which judgment has been asked in favor of the company against Sams, the judgment should be reversed.

The bond here was executed on the 7th of October, 1913, and the conditions of said bond were as follows:

"Whereas, the above bounden V. E. Sams is desirous of engaging from time to time in the services of said Ince Nursery Company as its agent, in the business of selling, delivering and settling for nursery stock and collecting notes and accounts taken or made on account of nursery stock sold: Now therefore, the condition of this obligation is such, that if the said V. E. Sams shall and does at any and all times while in the employment of said Ince Nursery Company faithfully perform and discharge all the duties and obligations thereby imposed upon him and render to said Ince Nursery Company true and faithful service, according to the best of his ability, and shall and does promptly on demand, deliver to said Ince Nursery Company all property and pay over to said Ince Nursery Company all money which shall or may be in his hands belonging to said Ince Nursery Company or which may be due from him to said Ince Nursery Company on account of the business of said agency, then this obligation to be void; otherwise of full force and virtue."

This bond contains no limitations as to time, but seems to contemplate a general liability upon the part of the obligors to the obligee for the faithful performance of his duties as the agent of the company, and it is apparent upon its face that his services were not to be limited to any particular season, but the bond was intended to cover the faithful performance of his obligations and duties from time to time, without reference to any particular contract whatever.

Under the issues, then, the only question to be tried was that of payment, and the evidence here clearly fails to establish payment in whole or in part.

Under section 4759, Revised Laws of 1910, and under the repeated decisions of this court in the following cases: Okla. City v. Saunders, 46 Okla. 1, 147 Pac. 1191; Long v. Shepard, 35 Okla. 489, 130 Pac. 131; Tate v. Stone, 35 Okla. 369, 130 Pac. 296; Ft. Smith & W. R. Co. v. Solsberger et al., 38 Okla. 40, 131 Pac. 1078; Owen v. U. S. Surety Co., 38 Okla. 123, 131 Pac. 1091—the execution of this bond and the fact of agency is admitted by failure to deny under oath the allegations in the petition.

In Higgins v. Street, 19 Okla. 42, 92 Pac. 155, and Winton v. Myers, 8 Okla. 421, 58 Pac. 634, payment is a matter of defense and must be pleaded and proved by him who claims it, and that being the only issue raised by these pleadings as they now are, and the evidence failing totally to establish the same in whole or in part, the judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.