## BOORIGIE BROS. v. QUINN-BARRY TEA & COFFEE CO.

No. 6095—Opinion Filed Nov. 19, 1918.

(176 Pac. 391.)

**Payment—Burden of Proof.**

In an action on an account, where the plaintiff's evidence establishes the account, the burden of proving payment is upon the defendant.

(Syllabus by Collier, C.)

Error from County Court, Cherokee County; E. C. McMichael, Judge.

Action on an account by the Quinn-Barry Tea & Coffee Company against Boorigie Bros. Judgment for plaintiff, on defendant's appeal from a judgment in his favor in justice court, motion for new trial overruled, and defendant brings error. Affirmed.

J. D. Cox and S. A. Horton, for plaintiff in error.

Asbury Burkhead, for defendant in error.

Opinion by COLLIER, C. This action was commenced in a justice of the peace court by the defendant in error, hereinafter styled plaintiff, against the plaintiff in error, hereinafter styled defendant, to recover upon an account, and resulted in a judgment in favor of the plaintiff in the sum of $39.95 and costs, from which said judgment the defendant perfected an appeal to the county court, where the case was tried to a jury, and resulted in a verdict for the same amount as the judgment rendered in the justice court.

Timely motion was made for a new trial, which was overruled and exception saved. Judgment was entered upon the verdict, to reverse which error is brought to this court.

It is earnestly insisted by the plaintiff that the appeal should be dismissed upon various grounds stated in its motion.

There are several failures on the part of the defendant to comply with the requirements of the rules of practice of this court in the preparation of their brief, and, if said rules be technically construed, there is some force in said motion to dismiss the appeal; but, in accord with the well-established policy of this court to ignore technicalities, and, if possible, dispose of cases upon their merits, the motion to dismiss the appeal is denied.

The evidence in this case is in sharp conflict. The evidence on the part of the plaintiff fully warrants the verdict reached by the jury, while, on the other hand, the evidence of the defendant supports the defense interposed by the defendant that the account here sued upon had been compromised and paid by a check in the sum of $21.75.

The assignment of errors set up in the brief and the assignment of errors stated in the petition in error are not in exact accord, and in our review of the case we will consider the errors as stated in the petition in error, which is more favorable to the defendant, and which are as follows:

"First. The court erred in overruling the motion of plaintiff in error for a new trial.

"Second. Said court erred in giving the following instructions to the jury, to wit: 'In this case the plaintiff claims of the defendants a balance of $39.75, due on account, with interest from May 4, 1911, at six per cent. per annum, the defendants plead payment, and in doing so assume the burden of establishing their plea, that is, that they have paid the amount claimed by plaintiff, and of doing so by a preponderance of the evidence, and, if they have failed to thus satisfy your minds by such preponderance of the evidence, you should find the issue for the plaintiff, and assess its damages at whatever amount the evidence shows to be due and unpaid.'

"Three. The court erred in refusing to give the following instruction asked by the defendants to wit: 'You are further instructed that the burden of proving the indebtedness is on the plaintiff, that plaintiff will be required to prove by a preponderance of the evidence that the defendants bought and received the goods charged to them by the plaintiff, and that defendants have not paid for the same, before you will be authorized to find for the plaintiff.'"

In its motion for a new trial the defendant failed to assign as ground therefor the refusal of the court to give the instruction asked and refused, and, having so failed, the instruction refused will not be considered by this court. Denson et al. v. Fowler et al., 56 Okla. 670, 155 Pac. 1184; Shawacre v. Morris, 52 Okla. 142, 152 Pac. 835.

In Shuler et ux. v. Collins, 40 Okla. 126, 136 Pac. 752, it is held:

"This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record, and the objection pointed out in the trial court by motion for new trial."

In Hess v. Sturdavent, 59 Okla. 239, 158 Pac. 905, it is held:

"Where instructions are assigned as error, and such instructions are not presented in a motion for a new trial as a ground therefor, errors assigned, predicated upon the giving or refusal to give such instructions, will not be considered by this court."

While the evidence was in conflict, there is sufficient evidence upon which the jury could reasonably predicate their verdict, and, if the instructions given by the court are free from error, this court will not reverse the judgment. Charvoz v. New State Bank, 54 Okla. 255, 153 Pac. 849; Gulf, C. & S. F. Ry. Co. v. Beasley, dead opinion, 153 Pac. 1155; Falls City Clothing Co. v. Sweazea, 61 Okla. 154, 160 Pac. 728.

The only material question for review is as to the correctness of instruction No. 3, given by the court.

We are of the opinion that the defense in this case being payment, and the plaintiff by its evidence having shown the sale of the goods, which was the basis of the account sued upon, was made to the defendant, the burden to prove payment was upon the defendant, and the court did not err in giving said instruction.

Again, we think it very questionable whether a proper exception was saved to the giving of said instruction. The only thing shown by the record as to an exception being taken to the giving of said instruction is a note in pencil following the instruction, "Objected to by defendant, and except." To say the least, this mode of saving an exception is subject to criticism.

In Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846, it is held:

"Payment is not presumed, and when the antecedent existence of an indebtedness is proven the burden of proving its discharge by payment is upon the debtor or person alleging the payment."

In 22 A. & E. Ency. of Law (2d Ed.) 587, the general rule sustained by all the authorities is as follows:

"The general rule is well settled that payment is an affirmative defense, and will not, in the first instance, be presumed, but, after the antecedent existence of the indebtedness has been proved by the creditor, the burden of proving its discharge by payment is upon th debtor or person alleging the payment."

In the case of Winton et al. v. Myers, 8 Okla. 421, 58 Pac. 634, it is said:

"Payment is always a matter of defense, and as a general rule, must be specifically pleaded and proven by him who claims payment. The burden of showing payment was on the defendants, and no error was committed in overruling the demurrer to the evidence. Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58; Lovelock v. Gregg [14 Colo. Sup. 53] 23 Pac. 86."

In Edwards et al. v. Johnston-Larimer Dry Goods Co., 59 Okla. 101, 158 Pac. 446, it is held:

"Payment is always a matter of defense, and the burden of proof is upon the party alleging the same."

In Daniel Guttermann v. Catherine Schroeder, as Executrix, etc., 40 Kan. 507, 20 Pac. 230, it is held:

"A plaintiff, except upon commercial paper, must prove a breach of contract to entitle him to recover; but where defendant in his answer alleges payment, it is not necessary that the plaintiff should make proof of nonpayment, but the burden then rests upon the defendant to prove such payment."

In First National Bank of Cobleskill, N. Y., v. James M. Hellyer et al., 53 Kan. 695, 37 Pac. 130, 42 Am. St. Rep. 316, it is held:

"In an action to recover personal property mortgaged to secure a debt, where the defendant sets up the claim of payment, and which was the controverted issue in the case, the burden of proof rests upon the defendant to prove such payment; and the giving of an instruction which, in effect, casts this burden upon the plaintiff, is error."

We are of the opinion that the court did not err in overruling the motion for a new trial.

Finding no error in the record, this cause is affirmed.

By the Court: It is so ordered.