**PEOPLE'S NAT. BANK OF KINGFISHER v. RICKORDS.**

No. 10468—Opinion Filed Jan. 24, 1922.

(Syllabus.)

**1. Appeal and Error—Review—Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

**2. Payment— Presumption — Burden of Proof.**

Payment is not presumed, and when the antecedent existence of an indebtedness is proven, the burden of proving its discharge by payment is upon the debtor or person alleging the payment.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by Mary J. Rickords against the People's National Bank of Kingfisher to recover deposit. Judgment for plaintiff, and defendant brings error. Affirmed.

Boynton & Reilly, for plaintiff in error.

E. M. Bradley, for defendant in error.

McNEILL, J. This action was commenced in the district court of Kingfisher county by Mary J. Rickords against the People's National Bank of Kingfisher for the sum of $68.15 alleged to have been deposited with the bank. The defendant answered, pleading a general denial, and also pleaded payment. To this answer the plaintiff filed a general denial.

The material facts regarding this transaction may be stated as follows: On July 6, 1918, plaintiff deposited with the bank a check for $799.70 drawn upon another bank in Kingfisher; at the time the bank issued a deposit slip which, omitting the caption, is as follows:

| | |
|---|---|
| Checks as follows: (In pencil) | $ 799.70 |
| Note 100.00. | |
| 30.00. | |
| Int.   1.55 | 131.55 |
| (In ink) | |
| | 668.15 |
| Cert. (In ink) | 68.15 |
| Dep | 600.00 |

The only controversy is over the item of $68.15. The first portion of the deposit slip is written with lead pencil and the last part in ink. The item of $68.15 appears opposite the abbreviation "cert." It is the contention of the cashier of the bank that he paid this amount to Mr. Rickords at the time of making the deposit. Mr. Rickords and his 14 year old son, who was present at the time the deposit was made, deny that any money was paid to Mr. Rickords by the cashier at the time. The alleged error was discovered in a few days, and the parties were unable to agree regarding the same, and in about 30 days this action was commenced. At the close of the verdict the court advised the jury in instruction No. 1 that the burden of proof in the case was upon the defendant to prove by a preponderance of the evidence that it paid the plain-

tiff the $68.15. The jury returned a verdict in favor of plaintiff for said amount. Motion for new trial was filed and overruled, and judgment rendered for the plaintiff. From said judgment, the defendant has appealed.

The only assignment of error contained in plaintiff in error's brief which presents any question for review is the general assignment, "Errors of law occurring at the trial and excepted to by the defendant." The plaintiff in error in its brief presents many questions. The first is that the court erred in instructing the jury that the burden of proof was upon the defendant to prove that it had paid plaintiff the $68.15 in question. We think there was no error in this instruction, under the evidence and pleadings. While it is true the burden in the first instance was upon the plaintiff to prove that she had made a deposit with the bank, the bank in its testimony admitted that it received on behalf of plaintiff the check for $779.70. Having admitted receiving this check, the relation of debtor and creditor existed for this amount. The bank having admitted receiving this amount, the burden then was upon it to show that it had accounted for the same. It attempted to do this by showing that it had paid notes and interest amounting to $131.55. The plaintiff admitted this; so there was no question over this amount. The bank contended it paid Mr. Rickords $68.15 in cash. Mr. Rickords and the son deny this. The bank having admitted receiving the money and having pleaded payment, the burden was upon it to prove this fact. See Ince Nursery Co. v. Sams, 73 Oklahoma, 177 Pac. 370; Boorigie Bros. v. Quinn-Barry Tea & Coffee Co., 73 Oklahoma, 176 Pac. 391; Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846; Edwards v. Johnston-Larimer Dry Goods Co., 59 Okla. 101, 158 Pac. 446.

Having disposed of this question, there is no other question that can be material in the case. There is no dispute except as to one item, and that was a question of fact, and there is sufficient evidence in the record to support the verdict of the jury, and in fact the evidence on behalf of plaintiff was positive and the evidence on behalf of defendant was not.

Plaintiff in error contends that, the plaintiff having presented her case upon the theory that the burden of proof was upon her, it was error for the court to shift this burden. Under the pleadings the burden of proof was first upon the plaintiff to prove the transaction with the bank wherein the bank became indebted to her; when the

bank admitted this, then there was no burden to prove this fact, because it was admitted.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.