## HOWERTON v. STATE BANK OF MILTONVALE, KAN.

No. 11373—Opinion Filed July 10, 1923.

1. **Payment—Burden of Proof—Authority of Bank to Pay From Deposit Checks Signed by Others.**

Where a bank sues a depositor for money due on a promissory note and such depositor by answer and cross-petition sets up the fact that the said bank had on deposit large sums of money of the defendant and that the bank paid out of the depositor's account sums of money greatly in excess of the debt due the bank, and such payments were not authorized by the defendant, and the plaintiff bank admits such deposit and payments on checks signed by persons other than the depositor and claims it was authorized so to do by the defendant, the burden of the proof shifts to the plaintiff bank, to show its authority for such payments.

2. **Appeal and Error — Discretionary Rulings—New Trial.**

In the matter of granting a new trial, the discretion of the trial court is very wide, and its actions in doing so will not be set aside unless it appears that in granting a new trial it has taken an erroneous view of the law, and that this erroneous view resulted in the order. Held: (a) That under the record the defendant was entitled to have the judgment rendered in his favor that was rendered; (b) that the trial court materially erred with respect to a pure, simple, and unmixed question of law in granting a new trial; (c) that the judgment of the trial court in granting a new trial be reversed, and the cause remanded, with directions to the trial court to set aside the judgment appealed from, leaving the judgment in favor of the defendant intact.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by the State Bank of Miltonvale, Kan., against Guss Howerton on a promissory note. Judgment for defendant, and from action of court in granting plaintiff a new trial, defendant brings error. Reversed and remanded.

Higgins & Berton, for plaintiff in error.

Pulsifer & Short and Chester H. Lowry, for defendant in error.

Opinion by RUTH, C. The State Bank of Miltonvale, Kan., hereinafter called the plaintiff, commenced this action in the district court of Payne county against Guss Howerton, hereinafter called the defendant, to recover on a promissory note. The petition filed alleged execution and delivery of the note by Guss Howerton to the plaintiff, and that the bank was the owner and holder thereof, to which the defendant filed his answer, set-off, and counterclaim, in which he admits the execution and delivery of the note on which there is due $2,083.32, including interest, but further alleges that the defendant had a large sum of money on deposit with the plaintiff bank to the credit of the defendant, and that the plaintiff, without the check or order of the defendant, paid out of the funds on deposit with the said bank to the credit

of the defendant, the sum of $6,183.92, which said sum is evidenced by various checks or purported checks drawn on the said bank on the account of the defendant therein by persons other than the defendant, and who were "strictly unauthorized to issue, draw, or present the same, or collect the money of this defendant thereon, and the defendant further alleges that the plaintiff bank now has the sum of $6,183.92 of the money of this defendant on deposit and refuses to pay the same," and asks to have this sum set off against the amount claimed by the bank on the promissory note, and defendant asks for judgment against the bank for the sum of $4,100.62, with interest from the 14th day of May, 1918.

The bank thereafter filed its motion to require the defendant to make his answer more definite and certain by setting up the purported checks, which the defendant accordingly did, whereupon the plaintiff filed its answer, set-off, and counterclaim to the amended answer of the defendant, and alleged that each and every one of the said persons named in "Exhibit A" as the drawer of the checks, was, at the time of the offering and presentation of the said checks at the bank, the duly authorized agent of the said Guss Howerton, and authorized by him to draw and present such checks, and cause the money to be paid by plaintiff bank in accordance with the terms of the said check, to the person therein named, and that plaintiff was thereby duly authorized to honor said check, and to charge the same against the general account of said Guss Howerton, and that the checks set forth in the plaintiff's "Exhibit A" were so drawn by the said persons, and the proceeds used for the benefit of said Guss Howerton, of which fact the said Guss Howerton was at the time fully aware, and that Guss Howerton well knew that the said parties were drawing said checks upon his account in plaintiff bank, and were using the proceeds thereof for the benefit of Guss Howerton in drilling a certain well, and that all the checks described and set forth in plaintiff's "Exhibit A" were executed by F. W. Ranger or one Geo. H. Palmer, and, knowing such facts, Guss Howerton accepted and continued to accept the benefit of the payments so made by the plaintiff bank, and therefore is estopped in law from denying the authority of the parties to draw such checks and upon motion of the defendant, the plaintiff was required to make its answer to the cross-petition more definite and certain, and upon order of the court the plaintiff sets up in its amendment to

its answer to the cross-petition of the defendant, that the authority was given by the defendant to each of the various parties executing the checks set forth in "Exhibit A" orally, and by telephone, and by letter, and by telegram, and further states "that the plaintiff reserves the right to establish the authority by any competent evidence now or hereafter available to it," to which the defendant files his reply, specifically denying the allegations of agency of the various persons purported to sign the checks in "Exhibit A" to the amendment of the cross-petition, and denying that any of the parties signing the checks were either authorized or directed, either verbally or otherwise, to withdraw the funds of this defendant from the bank of plaintiff, and that said plaintiff, its servants and agents, were never in any manner authorized, empowered, directed, or told to pay out of defendant's funds, the amounts representing the various checks set out in defendant's "Exhibit A" to said amendment above referred to, except that this defendant admits that he did direct said plaintiff by telegram to pay the rental on one tract of land in the sum of $120.

The issues being joined, the cause came on regularly for hearing before the district court of Payne county and the following proceedings were had:

"By Mr. Lowry (representing plaintiff): We ask that the burden in this case be placed on the defendant, the plaintiff bringing his suit on a note and the defendant admitting the execution of the note.

"By Mr. Higgins: We allege that they paid out money on other than our order. They admit they paid out the money but allege that they had authority to pay it out which we deny and the burden is on the bank to prove that they paid it out properly.

"By the Court: It seems that it would be on the bank to show that they paid it out properly.

"By Mr. Lowry: I am willing to rest the proposition on the note and introduce the note and rest.

"By Mr. Higgins: Very well.

"By the Court: The burden is on the plaintiff.

"By Mr. Lowry: To which the plaintiff excepts.

"By the Court: Yes, exception allowed."

It then appears that Geo. H. Palmer was called on the part of the plaintiff and stated that he was cashier of the State Bank of Miltonvale, Kan., and identified the signa-

ture of Guss Howerton to the $2,000 note and stated that the said money was placed to Howerton's credit, and the note was offered in evidence without objection, and thereupon the plaintiff rested, and the defendant thereupon moved the court to direct the jury to return a verdict in this case for defendant for the sum of $3,980.62, together with interest at six per cent. from May 14, 1918.

The defendant introduced no evidence and both sides rested, whereupon the court excused the jury from further consideration of the case and took the case under advisement until the following Monday morning. After due consideration, the court found there was due and owing from plaintiff to the defendant the sum of $6,063.92, for which amount the defendant is entitled to judgment against the plaintiff, and that the plaintiff is entitled to have offset against the judgment in favor of the defendant, the amount of the judgment against the defendant, and defendant entitled to recover from the plaintiff, the judgment over and against the plaintiff in the sum of $3,897.32.

On the first day of November, the plaintiff filed its motion for a new trial and alleges that "the court erred upon trial of said cause in holding that the burden of proof was upon the plaintiff to establish a negative of the affirmative allegations alleged in the defendant's set-off and cross-petition", which motion was by the court sustained at the following term of the court, and new trial granted to plaintiff. From judgment of the court in granting a new trial for plaintiff, the defendant excepted and brings this cause to this court for review.

The defendant presents several propositions to this court, two of which alone it will be necessary to consider. First, did the court err in its ruling that the burden of proof showing authority to pay out money of the defendant depositor on other than the check or order of the defendant was upon the plaintiff? Second, did the court err in granting a new trial where the facts were all admitted and the question was one of unmixed law?

It appears from the record in this case that the defendant executed and delivered his note, and that the sum recited on the face of the note was deposited to the defendant's credit in the plaintiff's bank, and it is admitted by the plaintiff bank that it paid out the money of the defendant on checks signed by persons other than the defendant and paid out the sum of $4,034 on checks drawn against the defendant's

account by Geo. H. Palmer, who, it appears, was cashier of the plaintiff bank, and who was present and testified at the trial for the purpose of identifying the note executed by the defendant.

That after the court ruling that the burden of proof was upon the plaintiff to establish its authority to pay out the money of the defendant on checks signed by persons other than the defendant, the plaintiff offered no proof whatever of such authority, notwithstanding the cashier of the bank was present in court in person, and the bank had in its amended answer embodied a paragraph wherein it expressly "reserved the right to introduce proof of such authority." We find no error in the court's ruling relative to the burden of proof being on the bank to establish its authority to pay out of the defendant's deposit the money set forth in the defendant's amended cross-petition. The bank having admitted receiving the money and having pleaded payment, the burden was upon it to prove its authority to make such payment.

In Peoples National Bank of Kingfisher v. Rickords, 85 Okla. 9, 204 Pac. 130, this court said in the body of the opinion, on page 10, in discussing a similar question:

"The plaintiff in error in its brief presents many questions. The first is that the court erred in instructing the jury that the burden of proof was upon the defendant to prove that it had paid plaintiff the $68.-15 in question. We think there was no error in this instruction under the evidence and pleadings. While it is true the burden in the first instance was upon the plaintiff to prove that she had make a deposit with the bank, the bank in its testimony admitted that it received on behalf of plaintiff a check for $799.70. Having admitted receiving this check, the relation of debtor and creditor existed for this amount. The bank having admitted receiving this amount, the burden was upon it to show that it had accounted for the same. It attempted to do so by showing it had paid notes and interest amounting to $131.55. The plaintiff admitted this; there was no question over this amount. The bank contended it paid Mr. Rickords $68.15 in cash. Mr. Rickords and his son deny this. The bank having admitted receiving the money, and having pleaded payment, the burden was upon it to prove this fact."

Ssse Ince Nursery Co. v. Sams, 73 Oklahoma, 177 Pac. 370; Boorigie Bros. v. Quinn-Barry Tea & Coffee Co., 73 Oklahoma, 176 Pac. 391; Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846; Edwards v. Johnson-Larimer D. G. Co., 59 Okla. 101, 158 Pac. 446.

At the conclusion of the trial, and **upon** the refusal of the plaintiff to introduce any evidence of its authority to pay out the money of the defendant on deposit in its bank, the defendant moved the court for judgment for the difference between the amount of the note plus interest and the amount shown to have been paid out by the plaintiff bank on checks signed by persons other than the defendant, and these checks and the amounts thereof having been set forth in the defendant's amended answer and cross-petition and the bank having admitted the payment of the amounts as therein set forth, an unmixed question of law was presented to the court, and the court discharged the jury and took under advisement at that time the unmixed question of law and rendered judgment for the defendant as hereinbefore set forth.

In the case of Byers v. Ingraham, 51 Okla. 440. 141 Pac. 1060, the third paragraph of the syllabus is as follows:

"Where certain facts in issue in a cause are established by uncontrover'ed testimony, it is not necessary for the trial court to submit such facts to the jury for finding, and it is not error for the court to tell the jury that such facts are established and to announce the law applicable to such facts, and to direct the jury to find accordingly."

See, also, City of Claremore v. Southwest Surety Insurance Co., 82 Okla. 118, 198 Pac. 573. We can, therefore, find no error in the court dismissing the jury from consideration of the facts that were all admitted and in determining the unmixed question of law thereby submitted. Counsel for both parties in their briefs refer to the oft-announced rule of this court:

"That in the matter of granting a new trial, the discretion of the trial court is very wide, and that its action in doing so will not be set aside on appeal unless it clearly appears that in granting a new trial, it has taken an erroneous view, and that this erroneous view resulted in the order."

St. Louis & S. F. Ry. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479; National R. & B. Co. v. Elsing, 29 Okla. 334, 116 Pac. 790; Stapleton v. O'Hara, 33 Okla. 79, 124 Pac. 55; Jamieson v. Classen Co., 33 Okla. 77, 124 Pac. 67; Ardmore Lodge v. Dawson, 33 Okla. 37, 124 Pac. 66.

This rule has never been departed from by this court and has been reiterated and reannounced in a score of later cases than the ones cited, supra.

Within the statutory period, after the rendering of such judgment for the defend-ant, the plaintiff filed its motion for a new trial, alleging as grounds thereof that the court erred in requiring the plaintiff to set out the authority and agency of each of the various parties whom the defendant claimed, by his amendment to his answer, had signed, executed, and cashed unauthorized checks; second, the court erred in rendering judgment against the plaintiff and in favor of the defendant upon the conclusion of the trial in said cause to the jury and on the motion of the defendant; third, that the court erred upon trial of the said cause in holding that the burden of proof was upon the plaintiff to establish a negative of the affirmative allegations alleged in defendant's set-off and cross-petition; fourth, the court erred after the defendant had rested and had refused to introduce any evidence whatever tending to support any allegations of his answer, counterclaim, and set-off, in rendering judgment in favor of the defendant for the full amount of his claim, or any other sum.

The record in this case shows, by the admission of the defendant, that he executed the note sued upon, and the plaintiff admits that the sum of money set up by the defendant in his amended answer was on deposit in the plaintiff bank and was paid out by the plaintiff bank on checks drawn by persons other than the defendant, and plaintiff offers in its amended answer to prove its authority for so paying out the money, but notwithstanding the fact that the cashier of the plaintiff bank, who signed the checks for more than $4,000 against the defendant's deposit, was in court and testifying, the plaintiff offered no evidence of its authority to so pay out the money of the defendant, although it had ample opportunity so to do.

We therefore feel that a full and fair trial was had in this cause and the plaintiff was given ample opportunity to prove its authority but it refused to avail itself of this opportunity, but elected to stand upon the introduction of the note, the execution and delivery of which was admitted by the defendant. Under such circumstances it is clear to this court that it would be manifestly unjust to the defendant to be put to the delay and expense incident to another trial of this cause, and that the judgment of the trial court granting a new trial was erroneous and is not supported by the law. It is therefore held: (a) that under the record the defendant was entitled to have the judgment rendered in his favor that was rendered, (b) that the trial court materially erred with respect to a pure, simple,

and unmixed question of law in granting a new trial.

The judgment is reversed, and the cause remanded, with directions to set aside the order vacating the judgment granting a new trial, leaving the judgment of the trial court in favor of the defendant intact. Reversed and remanded.

By the Court: It is so ordered.