No. 28,656.

THE FIDELITY STATE AND SAVINGS BANK OF EMPORIA, *Appellant,*
v. J. H. FRANZ, *Appellee.*

(278 Pac. 718.)

Opinion filed July 6, 1929.

*W. H. Anderson, G. M. Lamer,* both of Iola, *W. C. Harris, O. S. Samuel* and *W. L. Harris,* all of Emporia, for the appellant.

*G. R. Gard,* of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on two promissory notes of $500 each, signed by the defendant and made payable to the plaintiff. The defendant answered and alleged that the notes were renewals of other notes which had been given to the Kansas Steel and Wire Company; that the signatures to the original notes had been procured by the fraud of the Steel and Wire Company; that those notes had been given without consideration; and that they had been taken in violation of the laws of Kansas relating to the sale of stock and securities. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The evidence established that in 1925 the defendant signed two notes of $500 each made payable to the Kansas Steel and Wire Company for stock in that company, a corporation; that the notes were transferred to the plaintiff; that the notes recited the following: "Given for shares in the Kansas Steel and Wire Company"; that they were due in six months; that when they were due the defendant renewed them by signing other notes for $500 each payable in six months, in which the plaintiff was named as payee; that when those renewal notes were due the defendant signed the notes sued on.

Section 17-1219 of the Revised Statutes provides that notes given for stock in corporations shall have written therein the following

language: "Given for shares in ———," "Given for units in ———," or "Given for interest in ———."

Section 17-1220 of the Revised Statutes makes such notes non-negotiable and therefore subject to all defenses.

Section 16-107 of the Revised Statutes reads:

"All contracts in writing, signed by the party bound thereby, or his authorized agent or attorney, shall import a consideration."

Under this statute all the notes given by the defendant implied that ample consideration was given for each of them, although the first notes were nonnegotiable and all were subject to defenses.

The court in one of its instructions to the jury said:

"You are instructed that the plaintiff must satisfy your mind, by a preponderance of the evidence, that it acted in good faith when it purchased defendant's two promissory notes."

In another instruction the court said:

"The burden of proof is upon the plaintiff and it is for it to prove its case by a preponderance of the evidence."

The plaintiff argues that it was error to give those instructions. The execution of the original notes and of the notes sued on was admitted. In *Machine Co. v. Morse*, 47 Kan. 429, 28 Pac. 152, this court declared the law to be that—

"Where under the pleadings and § 108 of the civil code the plaintiff's case is admitted by the defendant, and where nothing materially adverse is admitted by the plaintiff, the burden of proof rests upon the defendant.

"Where the burden of proof under the pleadings and the law rests upon the defendant it is material error for the court to instruct the jury otherwise." (Syl. ¶¶ 1, 2.)

The execution of the notes being admitted, the plaintiff's cause of action was established by the pleadings. It was not necessary for it to introduce any evidence in advance of evidence to establish some defense. The facts alleged in the answer, if true, were matters of defense, and the burden was upon the defendant to prove those defenses by a preponderance of the evidence. Under those circumstances it was error for the court to instruct the jury that the burden of proof was upon the plaintiff to prove its case by a preponderance of the evidence.

Several propositions are presented by the plaintiff which would justify a reversal of the judgment, but it is not deemed best to discuss those propositions.

The judgment is reversed, and a new trial is directed.