The RESOLUTE INSURANCE COMPANY,
a Rhode Island Corporation, Plain-
tiff in Error,

v.

FRED F. FOX COMPANY, Defend-
ant in Error.

No. 43098.

Supreme Court of Oklahoma.

July 20, 1971.

fendants Quality Wrecking and Smith who agreed to pay the premiums; Resolute indemnified and guaranteed payment of the premiums in the event of default at the expiration of a 45 day period or if unpaid on March 20, 1967; and that the premiums were unpaid at the end of the 45 day period, demand made on Resolute to pay the premiums and their refusal to do so.

Defendants Quality Wrecking and Smith filed an unverified answer alleging defendant Smith was not liable personally, that the note signed in connection with the account as referred to in the petition was a novation, and asserted in general terms a cross petition alleging malice in attempting to destroy defendants' ability to earn a living by contacting customers of defendants concerning their financial condition. Resolute filed an unverified general denial.

Plaintiff submitted interrogatories to defendants who had failed to answer them fully, although ordered to by the court. Additionally defendants failed to appear at a second pretrial conference, after having agreed at one time to have judgment entered against them. After notice the district court entered judgment on the pleadings and by default against all defendants.

The district court found that the allegations of defendant Quality and Smith on their cross petition were insufficient to state a cause of action and for further reason of failure to prosecute dismissed the cross petition.

It will be unnecessary to concern ourselves with the default judgment as the question of the validity of the judgment on the pleadings is dispositive of the appeal.

■ The defendants Quality and Smith by not verifying their answer admit the open account and the correctness of it. 12 O.S.1961, Section 286, Briggs v. McAdams Pipe Supply Co., Okl., 359 P.2d 572 (1961); and Haskett v. Turner, Okl., 290 P.2d 133 (1955). The defendant Resolute by not verifying its answer admits the execution of the indemnity bond. 12 O.S. 1961, Section 286, Ince Nursery Co. v. Sams, 73 Okl. 138, 177 P. 370 (1919). The court

Simon B. Spradlin, Oklahoma City, for plaintiff in error.

John B. Hayes, Watts, Looney, Nichols & Johnson, Oklahoma City, for defendant in error.

HODGES, Justice.

Plaintiff filed an action on an open account against the principal debtors, defendants Quality Wrecking and Salvage Company, a Corporation and J. Bosque Smith, an individual (neither of whom are parties to this appeal) and defendant Resolute Insurance Co., indemnitor and guarantor of the open account under an indemnity bond. Judgment rendered by district court in favor of plaintiff and against all defendants on the pleadings and by default. Defendant Resolute only appeals.

Plaintiff filed a verified petition alleging the open account, the correctness thereof and the amount due with the bond of indemnity of defendant Resolute attached. The facts alleged in the petition are that plaintiff is a corporation which sold insurance policies on an open account to de-

could take judicial notice of date and the passage of the 45 day period. The question of the dismissal of the cross petition is not before us as the affected parties did not appeal. The only issue not resolved by the pleadings is that of payment by Resolute. Payment is an affirmative defense and is not raised by a general denial. Ince Nursery Co. v. Sams, supra.

Resolute asserts that the answer although unverified puts in issue the question of the account and the correctness thereof. These issues are resolved against Resolute by the unverified answers filed by the defendants as we pointed out above.

Judgment on the pleadings is in the nature of demurrer and admits all of the allegations contained in the pleadings. The account, the correctness of the amount owed, the execution of the bond, the expiration of the 45 day period and non payment are the only issues to be litigated by Resolute and as all have been resolved against Resolute by the pleadings the district court's action was proper in entering judgment against Resolute on the pleadings.

Affirmed.

All Justices concur.