DANIEL GUTTERMANN V. CATHERINE SCHROEDER, *as Executrix, etc.*

1. PAYMENT, *Alleged — Evidence — Burden of Proof.* A plaintiff, except upon commercial paper, must prove a breach of contract to entitle him to recover; but where a defendant in his answer alleges payment, it is not necessary that the plaintiff should make proof of non-payment, but the burden then rests upon the defendant to prove such payment.

2. JUDGMENT — *Collateral Attack.* Where a judgment is pleaded as *res judicata* to an action, and such judgment offered in evidence, which judgment upon its face shows the items upon which it was rendered, *held*, not competent to permit the party offering said judgment to contradict the same and show that it was rendered upon different items than those set out in said judgment.

*Error from Brown District Court.*

THE opinion states the case. Judgment for the plaintiff for $461.31, including interest, and costs. The defendant *Guttermann* brings the case to this court.

*James Falloon*, for plaintiff in error.

*Ira J. Lacock*, and *R. F. Buckles*, for defendant in error.

Opinion by CLOGSTON, C.: This action was brought upon a bond and mortgage by the defendant in error, as executrix of the last will and testament of Appolonia Guttermann, deceased. The petition shows that on the 14th day of January, 1880, Daniel Guttermann, the plaintiff in error, executed to his mother, Appolonia Guttermann, a bond with a mortgage to secure the payment of the same, by which he promised to pay her $200 on the first day of December, 1881, and $200 each year thereafter during her lifetime, in consideration of her releasing her dower in certain lands sold by him to one Miller, being the lands owned by the husband of Appolonia Gutterman, and father of the plaintiff in error. The petition alleged that at the death of Appolonia Guttermann there was due from the plaintiff in error the sum of $345 and interest.

In answer to this petition the defendant alleged, first, a general denial; second, that one-half of the land mentioned in the mortgage was his homestead, and that his wife had not joined in the mortgage, and therefore said mortgage was void as to one-half of said land; third, a counterclaim of $730; fourth, full payment of the claim sued on, made by the defendant to Appolonia Guttermann in her lifetime. Afterward, by leave of the court, the defendant filed a supplemental answer in which he alleged that the claim sued on had been the subject of an action between the plaintiff and defendant, and that a judgment had been rendered in favor of plaintiff and against defendant for the said sum, with other amounts, in the St. Clair circuit court of Illinois, and that upon said judgment a judgment had been rendered in the district court of Brown county against him, and that said judgment was still in full force and effect. As a reply to this answer, a general denial was filed. At the trial of the action on the issues so joined, the plaintiff introduced the bond and mortgage sued on, and rested; whereupon the defendant demurred to the evidence of the plaintiff for the reason that no cause of action had been proven; which demurrer was by the court overruled, and this is the first ground of error alleged.

Defendant insists that before the plaintiff could recover she must show that there had been a default made in payment on said bond and mortgage, and as no proof of this character was made, that the plaintiff had proved no cause of action against him. This would ordinarily be true. A plaintiff, except upon commercial paper, must prove a breach of the covenant, but where a defendant in his answer alleges payment of the claim, it is not necessary that the plaintiff should prove a breach, but the burden rests upon him who alleges the payment, and in this instance the burden was upon the defendant to prove the payment, and not upon the plaintiff to prove the breach of covenant.

The defendant then offered in evidence the judgment, regular in form, rendered by the circuit court of St. Clair county, Illinois, in favor of the plaintiff and against the defendant,

and a judgment had in the district court of Brown county founded upon the Illinois judgment. This judgment in the circuit court of Illinois was shown to be founded upon a note for $400, executed by the defendant; second, for $100 for money had and received; and third, money due on rent and income from lands of Michael Guttermann, deceased, $300. Defendant claimed that the $300 here mentioned for rent and income from lands was the same claim now sued on in this action, and as that claim had been once reduced to a judgment against him, and was still in force, that that fact was a complete defense to this action. The defendant attempted to establish this allegation by his own testimony. He was asked —

"You may state what reference, if any, the rental spoken of in the suit brought in the St. Clair county, Illinois, circuit court has to the rental or moneys mentioned in the mortgage sued on herein.

"You may state if the moneys sued on herein have ever been the subject of litigation between you and the plaintiff herein, and if so, in what court.

"You may state whether or not the moneys sued on herein are the same referred to in the record in the said circuit court as rental due."

Each of these questions was objected to by the plaintiff as being irrelevant and immaterial, and the refusal of the court to permit the defendant to answer these questions is the second ground of error. The record introduced by the defendant shows upon its face that the claim for $300, which he seeks to explain by his oral testimony, was for rent and income from lands, while the claim sued on herein was for the relinquishment of dower by Appolonia Guttermann to a particular tract of land. To hold this testimony offered by the defendant competent, the court must have been able to say that the record upon its face did not show that these claims were separate and independent of each other; for if the record does not show that fact, then the court was correct in sustaining the objection to these three questions asked the defendant. We think that the record clearly shows that these claims are

separate and distinct claims, and that as they are so shown by the record offered by the defendant, the court was right in refusing to allow him to contradict that record. This judgment must speak for itself as far as it is able to do, and as it does show that the $300 was for rent and income from lands, and not upon a covenant for the relinquishment of dower, we must conclude that the court properly sustained the objection to said question.

Again, the record shows that the action in the circuit court of Illinois was one in *assumpsit*. Now this court may perhaps take notice of the fact that these pleadings were filed in a court as a proceeding under the common law. At any event, the form of the pleadings would indicate that that was the form of procedure in that state. If this be true, then the very fact that the action was one in *assumpsit* precludes the including of the claim sued on in this action. The items included in that action were properly included in that kind of an action: the note sued on for $400; the money loaned on open account, and for rent and income from lands, $300. This was all proper in an action in *assumpsit*. But this action is one, if brought where the common law prevails, of covenant; being a contract under seal, it could not be included in the declaration in *assumpsit*.

We are therefore of the opinion that the trial court properly excluded the evidence, and we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.