THE FIRST NATIONAL BANK OF COBLESKILL, N. Y., v. JAMES M. HELLYER *et al.*

PAYMENT—*Burden of Proof—Error.* In an action to recover personal property mortgaged to secure a debt, where the defendant sets up the claim of payment, and which was the controverted issue in the case, the burden of proof rests upon the defendant to prove such payment ; and the giving of an instruction which, in effect, casts this burden upon the plaintiff is error.

*Error from Phillips District Court.*

THE opinion herein, filed July 6, 1894, states the nature of the action and the material facts.

*G. A. Spaulding,* for plaintiff in error.

*N. B. McCormick,* and *Frank McKay,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover personal property which had been mortgaged by defendants to secure the payment of a promissory note executed by them for the sum of $1,245.75. The plaintiff, which was the owner of the note, claimed that there was a balance due thereon of about $350, and claimed a special ownership and right of possession by virtue of the chattel mortgage given to secure the payment of the debt. While the answer was a general denial, the only real controversy between the parties was with reference to the payment of the debt. The record shows that there was no contention as to the ownership of the note, or that the property had been mortgaged to secure the payment of the debt. Neither was there any controversy as to the value of the property, or that demand for the same had been made. The evidence in the case was directed to the question of payment, and, taking the testimony of the defendants with regard to the credits indorsed and the payments made, there is great doubt whether the whole of the debt in question was

actually paid. While the amount of all the payments made would more than equal the amount of this debt, yet Hellyer admits that a portion of the money so paid was to be applied to other indebtedness, and it is difficult to find from the evidence that a sufficient amount was paid upon the debt in question to discharge the same. The jury, however, found that the debt had been fully paid, and gave a verdict in favor of the defendants. In the trial of the case, the court called their attention to the issue of indebtedness, and then, in effect, placed the burden of proof upon the plaintiff. As the defendants set up the claim of payment, the burden rested upon them to prove such payment, and from the character of the testimony we are unable to say that this erroneous ruling was not prejudicial. (*Guttermann v. Schroeder*, 40 Kas. 507.)

The judgment of the district court will be reversed and the cause remanded for another trial.

All the Justices concurring.