No. 42,011

Susan Blakey, a Minor by and Through Carol Blakey, Her Mother and Natural Guardian, *Appellee,* v. George Zirkle, *Appellant.*

(358 P. 2d 758)

Opinion filed January 21, 1961.

A. *Martin Millard,* of Wichita, argued the cause and was on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers; Carl T. Smith; John F. Eberhardt; Stuart R. Carter; Malcolm Miller; Robert N. Partridge; Robert M. Siefkin; Richard C. Harris; Gerald Sawatzky; Donald L. Cordes,* and *Robert L. Howard,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: Susan Blakey, a minor eight years of age, by and through Carol Blakey as her mother and next friend, brought this action, based on negligence, against her step-grandfather, George

Zirkle, to recover damages for injuries alleged to have been sustained while she was riding in his automobile at a time when her twelve-year-old sister, Dee Ann Blakey, was driving such motor vehicle with the consent and assistance of the step-grandfather, and lost control thereof, on a private parking lot in the City of Wichita.

For all purposes here pertinent it may be stated that in her petition plaintiff charged the defendant with negligence in that,

"The defendant is an individual of mature years and of mature judgment and knew or should have known the dangers and harm likely to occur to plaintiff by placing her in the front seat of the automobile so operated by plaintiff's sister. He knew Dee Ann was a minor under the age of sixteen (16) years and that she did not know how to operate an automobile.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"He (defendant) furnished an automobile to a driver who he knew was not capable of operating an automobile.

"He (defendant) placed plaintiff in a position of known danger.

"He (defendant) failed to exercise sufficient control over Dee Ann to prevent the accident."

and that in his answer defendant denied all such charges of negligence.

With issues joined on negligence, as heretofore related, the cause was tried by a jury which returned a general verdict for plaintiff against the defendant, along with its answers to special questions in which it found that Dee Ann Blakey, not the defendant, was the driver of the automobile at the time of the accident resulting in the plaintiff's injuries. Subsequently, after overruling defendant's motions for judgment *non obstante* and for a new trial, the trial court approved the answers to special questions and the general verdict and rendered judgment against the defendant for damages allowed by the jury and the costs of the action. Thereupon defendant perfected the instant appeal.

Before proceeding with any review of this case on its merits we are compelled to consider a contention raised by appellee to the effect this appeal should be dismissed for failure of appellant to comply with Rule 5 (G. S. 1949, 60-3826, 186 Kan. xi of this court. In this connection appellee points out that the rule requires that an appellant shall print an abstract of the record which shall reproduce such portions thereof as is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose; and then directs our attention to the fact that, among other

things, appellant's abstract is completely devoid of any evidence presented by either party and for that reason, and others of less importance which need not be mentioned, is so fatally defective that this court cannot make an intelligent disposition of this appeal.

Appellee's construction of the rule is correct and an examination of the abstract discloses it is defective in the particulars to which she refers. Under such circumstances there is merit to her position the appeal should be dismissed. Even so we are not inclined to dispose of this case on that basis. However, under the confronting conditions and circumstances, it would serve no useful purpose and certainly add nothing to the body of our law to detail in this opinion the claims of error relied on by appellant as grounds for reversal of the judgment or to specifically discuss or determine the numerous contentions advanced by him with respect thereto. Nevertheless, universal and accepted rules of law, particularly applicable in view of the record presented, should be noted.

One of such rules is that a general verdict resolves all issues of fact, supported by evidence, in favor of the prevailing party. (*Fisher v. Central Surety & Ins. Corp.,* 149 Kan. 38, 86 P. 2d 583; *Dinsmoor v. Hill,* 164 Kan. 12, 14, 187 P. 2d 338; *Federal Deposit Ins. Corp. v. Cloonan,* 169 Kan. 735, 738, 222 P. 2d 553, *Peterson v. Wilson,* 180 Kan. 180, 303 P. 2d 129.) Here, it may be stated, the record discloses no contrary findings and the appellee has included sufficient evidence in her counter-abstract to establish there was evidence to support the special finding, to which we have heretofore referred, as well as the general verdict.

Another of like import is that a general verdict is one by which a jury pronounces generally on all issues of fact submitted to it for determination and on review this court must assume the jury resolved all controverted issues of fact in favor of the prevailing party. (*Will v. Hughes,* 172 Kan. 45, 238 P. 2d 478.)

Another is that a verdict or finding of fact made by the trier of fact and supported by evidence will not be disturbed on appeal (*Huebert v. Sappio,* 186 Kan. 740, 352 P. 2d 939, and decisions at page 742 of the opinion).

Still another rule is that a presumption of validity attaches to a judgment of the district court until the contrary is shown and that before this court will set aside a judgment it must be affirmatively made to appear that such judgment is erroneous. (*Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079; *Smith v. DeHay,* 176 Kan.

422, 271 P. 2d 251; *State, ex rel., v. Henderson,* 179 Kan. 142, 292 P. 2d 718; *In re Estate of Snyder,* 181 Kan. 222, 225, 310 P. 2d 944; *Watkins v. Layton,* 182 Kan. 702, 324 P. 2d 130; *B & S Enterprises v. Rudd,* 182 Kan. 710, 717, 324 P. 2d 515.)

After a careful and extended examination of the confused and incomprehensive record presented, which has made decision of all appellate questions raised by the parties unusually tedious and difficult, we have concluded that, *under the related facts and circumstances,* this is a case wherein the question of appellant's liability for the simple and/or ordinary negligence, with which he was charged under the heretofore quoted allegations of the petition and on which appellee relied as grounds for the relief sought in that pleading, was not only properly submitted (See, *e. g.,* 4 Berry, Law of Automobiles [7th Ed.] § 4.406, pp. 710-714; 5 Berry Law of Automobiles, [7th Ed.] § 5.02, pp. 5-6; 5 Blashfield's, Cyclopedia of Automobile Law and Practice, [Perm. Ed.] § 2924, pp. 134-142, § 2926, p. 147; 60 C. J. S., Motor Vehicles, § 431, pp. 1057-1062; 5 Am. Jur. Automobiles, § 355, p. 696; Restatement of the Law of Torts § 308, pp. 835-837, § 390, pp. 1058-1062; *Priestly v. Skourup,* 142 Kan. 127, 129-132, 45 P. 2d 852.) but conscientiously determined by the jury and should end this lawsuit. Moreover, when carefully reviewed in the light of the record presented, we are convinced that appellant, in contentions advanced respecting all matters relied on as grounds for reversal of the judgment, has failed to make it affirmatively appear there has been any error or irregularity in the case which has prejudicially affected his substantial rights. In that situation this court has no alternative and is compelled to sustain the trial court's judgment. Indeed the clear and unequivocal language of the statute (G. S. 1949, 60-3317), as well as a long line of established decisions (See West's Kansas Digest, Appeal & Error, § 901; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 583), require that it do so.

The judgment is affirmed.