Terry R. Fuller Special Counsel to the Board of Edwards County Commissioners Box 394 Kinsley, Kansas 67547-0394
Dear Mr. Fuller:
As special counsel for the Edwards county board of county commissioners you inquire about the application of K.S.A. 1993 Supp. 82a-708b. The statute deals with how an owner of a water right may obtain approval for a change in the place of use, the point of diversion or the use made of the water, without losing priority of right.
K.S.A. 1993 Supp. 82a-708b requires an owner to:
 "(1) Apply in writing to the chief engineer for approval of any proposed change; (2) demonstrate to the chief engineer that any proposed change is reasonable and will not impair existing rights; (3) demonstrate to the chief engineer that any proposed change relates to the same local source of supply as that to which the water right relates; and (4) receive the approval of the chief engineer with respect to any proposed change. The chief engineer shall approve or reject the application for change in accordance with the provisions and procedures prescribed for processing original applications for permission to appropriate water." (Emphasis added).
You indicate that your question regarding the third requirement arises from the city of Hays' potential purchase of a large ranch having various irrigation rights. The purchase may result in possible applications to change: (1) the type of use of the water from irrigation use to municipal use and (2) the place of use from the ranch to the city. The city proposes to achieve these changes by piping the water from the Edwards county ranch to the city of Hays. The city, as the owner of the water rights, will have to comply with all three statutory requirements quoted above. You inquire whether requirement number three places limitations on an application for a change in place of use.
The statute requires an applicant for a change to demonstrate that "any proposed change" relates to the some local source as that to which the water right relates. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v.Tenny, 250 Kan. 621, 626 (1992); Barber v. Williams, 244 Kan. 318, 324
(1989). Thus the third requirement of the statute in question, K.S.A. 1993 Supp. 82a-708b(a)(3) clearly imposes a limitation on applications for a change in place of use, but the limitation imposed involves the point of diversion of the water.
The point of diversion is important for a change in place of use because the act serves to protect existing water right holders that would be affected by allowing the taking of water from a local source of supply that does not relate to the water right being changed. See K.S.A. 82a-703; 82a-706; K.S.A. 1993 Supp. 82a-708b; 82a-711. In other words, the local source of supply must be the same as was authorized before the change. A water right holder seeking a change is not allowed to keep his priority to the water under his water right if the change he is making involves drawing water from another source because it would affect other priorities already established. See Peck, etc. "Kansas Water Rights: Changes and Transfers," 57 J.K.B.A. 23 (July No. 6) 1988; see also Report on the Laws of Kansas Pertaining to the Beneficial Use of Water, Bulletin No. 3, Kansas Water Resources Board, Nov. 1956. Thus, the limitation imposed requires the applicant/water right holder to demonstrate that the proposed change in place of use does not change the water right's relationship to its originally authorized source. See K.A.R. 5-25-10
(requiring that the applicant submit test hole data to prove that the applicant for the change would be drilling into the same aquifer) and K.S.A. 82a-709 (requiring that the applicant name the source from which said appropriation is being made and provide additional information relevant to additional factors involved).
An example may help to illustrate our point. If a new place of use involves switching the point of diversion from the authorized source of supply in Edwards county to a local source of supply in the city of Hays, the local source of supply is no longer the same as that originally authorized by the water right and would not be approved. Conversely, if a proposed change in place of use would not change the local source of supply, then the water right and the local source continue to relate in spite of a change in the place of use and, if other requirements are met, would be approved. Thus under the requirements of the statute any change, whether it be a change in type of use or a change in the place of use, where the application also seeks to change the local source of supply from which water is to be diverted would not be approved.
In summation it is our opinion that K.S.A. 1993 Supp. 82-708b imposes a limitation on applications for any change (including a change in place of use). Subsection (a)(3) requires the applicant to demonstrate that the change does not result in a diversion of water from a different local source of supply than was originally authorized by the water right in question.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm