Wayne L. Franklin, Secretary Kansas Department of Human Resources 401 S.W. Topeka Blvd. Topeka, Kansas 66603-3182
Dear Secretary Franklin:
As secretary of the Kansas department of human resources, you request our opinion concerning whether an administrative law judge for the division of workers compensation may simultaneously hold the office of municipal court judge. Specifically, you ask whether K.S.A. 1994 Supp. 75-5708, the statute authorizing the employment of administrative law judges by the division of workers compensation, is violated by an administrative law judge who also serves part time as judge of a municipal court.
The individual who is the subject of your inquiry served as judge of the municipal court in Liberal at the time of his appointment in 1986 as administrative law judge for the division of workers compensation. Based on the information he provided, the office of municipal judge in Liberal is a part-time position, and court hearings are conducted after normal working hours required by the division of workers compensation.
As you indicated, the controlling statute is K.S.A. 1994 Supp.75-5708(b), which reads as follows:
 "(b) The director of workers compensation may appoint . . . not to exceed 10 administrative law judges. Such . . . administrative law judges shall be in the classified service. . . . The . . . administrative law judges shall devote full time to the duties of their offices and shall not engage in the private practice of law during their terms of office."
When statutory language is clear and unambiguous, effect must be given to intent of the legislature as expressed. Barber v.Williams, 244 Kan. 318, 324 (1989). In this case, the legislature has clearly expressed its intent to require administrative law judges to devote full time to their duties, and to preclude them from engaging in the private practice of law.
We initially note that the Kansas constitution prohibits justices of the Kansas Supreme Court and judges of the district courts from practicing law, and generally prohibits them from holding any other state office during their terms as judicial officers. Kan. Const., art. 3, § 13; see Attorney General Opinion No. 92-85 (district court judge is constitutionally precluded from holding office as member of Kansas commission on governmental standards and conduct). Municipal courts, however, are creatures of statute, and their appointed judges are therefore not subject to the restrictions imposed by article 3, § 13.
The "practice of law" has been defined by the Kansas Supreme Court as follows:
 "`As the term is generally understood, the practice of law is the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court.'" State v. Schumacher, 214 Kan. 1, 19 (1974) (quoting State, ex rel. v. Perkins, 138 Kan. 899, 907-08 (1934)).
We think this definition is broad enough to encompass both the "public" or government practice of law and the "private" practice of law. We have not located any specific definition of the "private practice of law" as distinguished from other kinds of legal practice. However, the public/private dichotomy is frequently used to distinguish between attorneys who are engaged in government legal practice and attorneys engaged in providing legal services to private individuals as clients.
K.S.A. 12-4104 prescribes the jurisdiction of a municipal court as follows:
 "The municipal court of each city shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city. Search warrants shall not issue out of a municipal court."
The powers and duties of a municipal court judge are set forth in K.S.A. 1994 Supp. 12-4106, and among other things include maintaining the court's docket; administering oaths; enforcing the court's orders, rules, and judgments; sentencing; and reporting certain information to state officials.
While serving as a municipal court judge may arguably constitute the "practice of law" as defined in its broadest sense by the Kansas supreme court, the statute in question prohibits administrative law judges from engaging only in the private
practice of law. A municipal court judge is a public officer. Attorney General Opinion No. 75-187. As such, the official duties of a municipal court judge do not constitute the private practice of law.
We therefore conclude that as long as the "full time" requirement is met, the language of K.S.A. 1994 Supp. 75-5708(b) does not prohibit an administrative law judge employed by the division of workers compensation from simultaneously holding the public office of municipal judge.
In summary, an administrative law judge employed by the division of workers compensation of the department of human resources is not prohibited by statute from also serving part time as judge of a municipal court, as long as the individual serving in both capacities devotes full time to the duties of administrative law judge.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas